IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SANDY KEITH BASKINS,          )
                              )
         Petitioner,          )
                              )
    v.                        )     1:19CV839
                              )
JOSH STEIN, Attorney General  )
of North Carolina, et al.,    )
                              )
         Respondent(s).       )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on August 6, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 8.) In the Recommendation, the Magistrate Judge recommends that Respondent's Motion for Summary Judgment, (Doc. 4), be granted, that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (Doc. 1), be denied, and that this action be dismissed. The Recommendation was served on the parties to this action on August 6, 2020. (Doc. 9.) Petitioner filed objections, (Doc. 10), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which the objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation.[1] This court therefore adopts the Recommendation.

---

[1] Petitioner asserts in his objections that the Magistrate Judge failed to address certain aspects of his claims in Grounds Two, Three, and Four. (See Doc. 10 at 13–14, 20, 22.) With respect to Ground Two, Petitioner contends that the Recommendation is silent as to the Sixth Amendment Confrontation Clause claim or as to the Fourteenth Amendment due process claim. (Id. at 13–14.) Petitioner maintains that the Recommendation neglects these same theories as to Ground Three. (Id. at 20.) Concerning Ground Four, Petitioner identifies the following topics supposedly left unaddressed by the Recommendation: unreasonable search and seizure, impartial jury, confrontation, cruel and unusual punishment, involuntary servitude, privileges and immunities, and due process. (Id. at 22.) Petitioner's argument suffers from three fatal deficiencies. First, the Petition, in the context of certain Grounds, fails to mention some of the identified constitutional principles. For example, the Recommendation nowhere discusses the Sixth Amendment in the Ground Two analysis because the Petition does not make or develop such an argument. (See Doc. 1 at 4, 22–23; Doc. 8 at 20–22.) Second, parts of the Recommendation apply with equal force regardless of the constitutional right purportedly implicated. In particular, the Recommendation's treatment of Ground Three does not hinge on the constitutional right claimed to have been violated; instead, the reasoning encompasses (and defeats) any due process claim
(Footnote continued)

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 8), is **ADOPTED. IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment, (Doc. 4), is **GRANTED**, that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (Doc. 1), is **DENIED**, and that this action is **DISMISSED**.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 21st day of September, 2020.

_____
United States District Judge

---

Petitioner attempted to establish. (See Doc. 8 at 22–27.) Third, the Recommendation acknowledges the wide range of asserted constitutional violations pertaining to Ground Four; however, the Petition's mere recitation of these principles falls short of what the Rules Governing Section 2254 Cases require. In particular, Petitioner has not "state[d] the facts supporting each ground" as they relate to each of the identified (supposedly distinct) theories. See Rule 2(c)(2), Rules Governing Section 2254 Cases in the United States District Courts. For these reasons, Petitioner's objections fail to change the outcome here.