IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SANDY KEITH BASKINS,            )
                                )
          Petitioner,           )
                                )
    v.                          )         1:19CV839
                                )
JOSH STEIN, Attorney General    )
of North Carolina, et al.,      )
                                )
          Respondent(s).        )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a pro se Motion for Reconsideration filed by Petitioner Sandy Keith Baskins ("Petitioner"). (Doc. 13.) Petitioner's motion is ripe for resolution.

In his motion for reconsideration, Petitioner moves this court to "apply the miscarriage of justice doctrine as he now assert[s] a claim of actual innocence via claim one in petition . . . ." (Id. at 1.) Petitioner does not discuss his alleged innocence further, other than to request "[a]n evidentiary hearing for state prisoners who present new evidence of their innocence pursuant to [28 U.S.C.] § 2254(e)(2)." (Id. at 8.) It is unclear from the information provided in Petitioner's motion

whether Petitioner's claims of actual innocence are substantive or procedural. Substantive claims of actual innocence are not a basis for habeas relief, and Petitioner does not provide any new evidence that might approach the very high standard for demonstrating a procedural claim of actual innocence. Player v. Keller, No. 1:10CV282, 2011 WL 1230824, at *4-5 (M.D.N.C. March 30, 2011). Due to Petitioner's failure to provide any further explanation, whether his claim of actual innocence is substantive or procedural is not of any import to the instant motion.

Instead, this court will consider only the arguments Petitioner raises regarding this court's denial of his petition for a writ of habeas corpus. For the reasons stated herein, Petitioner's Motion for Reconsideration will be denied.

I.  **BACKGROUND**

Petitioner filed a pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on August 15, 2019. (Doc. 1.) Respondent moved for summary judgment on October 2, 2019. (Doc. 4.) Petitioner filed a response to Respondent's Motion for Summary Judgment on October 11, 2019. (Doc. 7.) On August 6, 2020, the Magistrate Judge filed a recommendation, (Doc. 8), that Petitioner's petition for a writ of habeas corpus be denied and that Respondent's motion for

-2-

Case 1:19-cv-00839-WO-LPA   Document 14   Filed 09/13/21   Page 2 of 8

summary judgment be granted. This court adopted the Magistrate Judge's recommendation on September 21, 2020. (Doc. 11.) In his pro se Motion for Reconsideration, (Doc. 13), Petitioner alleges that his petition for a writ of habeas corpus was erroneously denied, and that this court failed to address all the arguments raised in that petition, (see id. at 1).

## II.  STANDARD OF REVIEW

A motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is granted only in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1993). See also Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). Manifest injustice is defined as "an error by the court that is direct, obvious, and observable." Register v. Cameron & Barkley Co., 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007) (internal quotations omitted). "Clear error occurs when [a court is] 'left with the definite and firm conviction that a mistake has been committed.'" United States v. Woods, 477 F. App'x 28, 29 (4th Cir. 2012) (citing United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008)).

A motion for reconsideration under Rule 59(e) is improper where "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (internal quotations and citation omitted). See also Pac. Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."); Directv, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (holding that motion to reconsider is not proper to "merely ask[] the court to rethink what the Court had already thought through – rightly or wrongly") (internal citations and quotations omitted).

"[I]f a party relies on newly discovered evidence . . . the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." Pac. Ins. Co., 148 F.3d at 403 (internal quotations omitted). See also Zinkand, 478 F.3d at 637 ("If the court elects to look at additional evidence represented as having been unavailable at the prior hearing, the court must satisfy itself as to the unavailability of the

-4-

evidence and likewise examine the justification for its omission.").

### III. <u>ANALYSIS</u>

Petitioner fails to show that any of the necessary circumstances for reconsideration are present here. Petitioner points to no intervening change in the law, and restates the same evidentiary arguments raised in Ground One of his petition for a writ of habeas corpus. (Doc. 13 at 3-7; Doc. 1 at 11-21.) All of the arguments Petitioner raises were addressed by the Magistrate Judge's recommendation for denial which this court adopted in its Order. (<u>See</u> Docs. 8, 11.)

Petitioner asserts that there was clear error when his criminal case was on remand pursuant to an order by the North Carolina Court of Appeals ("NCCOA"), arguing that:

> Detective O'[H]al's subsequent false testimony directly conflicts with the [North Carolina Court of Appeals] holding "that the record evidence clearly showed that [D]etective O'[H]al <u>could not</u> have determined that the [B]uick was being operated with an expired inspection status based upon the information he received on his computer from DMV, because that information was not included in the DMV field form response to his license plate request.

(Doc. 13 at 3.)

Following the above-quoted language, Petitioner cites a docketed trial transcript, (Doc. 5-19), but this court was unable to find the quoted language in that document. The court

-5-

believes that Petitioner's quoted language is paraphrased from one of the NCCOA opinions regarding Petitioner's appeals within the state court system. See State v. Baskins, 247 N.C. App. 603, 786 S.E.2d 94 (2016) ("Baskins I"); State v. Baskins, No. COA16-1237, 2017 WL 2945609 (N.C. App. July 5, 2017) ("Baskins II"). While this court has not found the quoted language in either opinion, it is likely that Petitioner is referring to Baskins I, in which the NCCOA remanded in part "for further findings regarding Petitioner's motion to suppress evidence seized during searches of the vehicle driven by Petitioner and its occupants." (Doc. 8 at 2.) The NCCOA held that "the record evidence did not support the trial court's findings of fact . . . because Detective M.P. O'Hal could not have determined that the vehicle's inspection status had expired" based on the information displayed by the officer's in-vehicle computer. (Id.)

Petitioner misstates the NCCOA's holding, as evidenced by his paraphrasing – the NCCOA held that the record evidence <u>as it stood at the time of Petitioner's appeal</u> did not support the trial court's findings of fact. See Baskins I, 246 N.C. App. at 609, 786 S.E.2d at 99 ("[W]e recognize that the record may not contain all the relevant evidence available to Detective O'Hal on 6 October 2014, but our review is limited to the record

-6-

evidence in this regard."). It appears that Petitioner has misunderstood this holding to mean that the facts themselves demonstrate conclusively that the officer "could not" have known that Petitioner's vehicle had an expired inspection based on the information displayed by his in-vehicle computer. (Doc. 13 at 3.)

This misstatement of the NCCOA's holding demonstrates the central reason for the denial of Petitioner's petition for a writ of habeas corpus: he misunderstood the NCCOA directive for remand as well as the trial court's subsequent compliance with it. As explained by the Magistrate Judge's recommendation, as adopted by this court, Petitioner "misses the mark" by mistakenly insisting that the officers' testimony on remand did not comply with the NCCOA's holding. (Doc. 8 at 13.) Due to this misunderstanding, Petitioner moves this court to reconsider its earlier dismissal based on the same arguments raised in his petition and his continued insistence that the trial court did not comply with the NCCOA instructions on remand. (See Docs. 1, 13.) Although Petitioner contends that "the trial court remains in non-compliance" with the COA order, this is clearly not the case as the NCCOA affirmed the trial court's findings when Petitioner appealed a second time. Baskins II, 2017 WL 2945609, at *1. This court agrees with the NCCOA. Petitioner does not

-7-

Case 1:19-cv-00839-WO-LPA   Document 14   Filed 09/13/21   Page 7 of 8

raise any arguments in his motion that were not already raised and addressed by his petition for a writ of habeas corpus and the recommendation and order denying that petition.

**IV. CONCLUSION**

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration, (Doc. 13), is **DENIED**.

This the 13th day of September, 2021.

                                    /s/ William L. Osteen, Jr.
                                    United States District Judge

-8-

Case 1:19-cv-00839-WO-LPA   Document 14   Filed 09/13/21   Page 8 of 8